**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Northern Division

| | |
|---|---|
| **JEFFREY ZIMMERMAN** <br> P.O. Box 391 <br> Chester, MD 21619 <br><br>     Plaintiff, <br><br> v. <br><br> **JLN CONSTRUCTION SERVICES, LLC** <br> 300 N Warwick Ave. <br> Baltimore, MD 21223 <br><br>     <u>Serve On:</u> <br>     Namdi C. Iwuoha, Resident Agent <br>     300 N Warwick Ave. <br>     Baltimore, MD 21223 <br><br> **AVALON CONSULTING SERVICES, LLC** <br> 300 N Warwick Ave. <br> Baltimore, MD 21223 <br><br>     <u>Serve On:</u> <br>     Namdi C. Iwuoha, Resident Agent <br>     300 N Warwick Ave. <br>     Baltimore, MD 21223 <br><br> **AND** <br><br> **NAMDI IWUOHA** <br> 300 N Warwick Ave. <br> Baltimore, MD 21223 <br><br>     Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br> CASE NO. _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jeffrey Zimmerman, by and through his undersigned counsel, files this Complaint against JLN Construction Services, LLC, Avalon Consulting Services, LLC, and Namdi Iwuoha and respectfully states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, who has been employed by Defendants JLN Construction Services, LLC ("JLN" or "JLN Construction"), Avalon Consulting Services, LLC ("Avalon"), and Namdi Iwuoha (the president and CEO of JLN and Avalon), brings this action for declaratory, injunctive, and monetary relief for Defendants' willful failure to pay him wages and "time and a half" for overtime wages – all as required by Federal and/or State law.

2. This action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

3. Plaintiff brings this action to recover unpaid wages, overtime compensation, liquidated damages or interest, and attorneys' fees and costs, and treble damages under Maryland wage and hour laws (Md. Code Ann., Lab. & Empl. § 3-427 and § 3-507.1) for Defendants' willful failure to pay them in accordance with Maryland and Federal law.

## JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §1331, 28 U.S.C. § 1337(a), and 28 U.S.C. § 1367. The FLSA provides that an action to recover liability "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendants transact business in this District, and Plaintiff was employed by Defendants in this District, and most of the actions complained of were conducted within this District.

## PARTIES

6. Plaintiff, Jeffrey Zimmerman, is a resident of Queen Anne's County, Maryland, and was a non-exempt employee of JLN Construction and Avalon from approximately February 2014 through March 2016. At all times relevant hereto, the Plaintiff was an "employee" as that term is defined by 29 U.S.C. § 203(e).

7. Defendant JLN is a Maryland corporation headquartered at 300 Warwick Avenue, Baltimore MD 21223. At all times relevant hereto, the Defendant was an "employer" as that term is defined by 29 U.S.C. § 203(d). Defendant, JLN, is a construction management company. Defendant is a business engaged in commerce within the meaning of FLSA, and an employer of Plaintiff within the meaning of the FLSA and Maryland wage laws. It may be served with process through its resident agent, Namdi Iwuoha, 300 N Warwick Ave., Baltimore, MD, 21223.

8. Defendant Avalon Consulting Services, LLC, is a Maryland corporation 300 Warwick Avenue, Baltimore MD 21223. At all times relevant hereto, the Defendant was an "employer" as that term is defined by 29 U.S.C. § 203(d). It may be served with process through its resident agent, Namdi Iwuoha, 300 N Warwick Ave., Baltimore, MD, 21223.

9. Defendant, Namdi Iwuoha, is a Maryland resident, living in Baltimore MD, 21223. He is the President and CEO of JLN and owner of Avalon, and is an "employer" under the applicable statutes.

## STATEMENT OF FACTS

### UNPAID WAGES

10. JLN is a general contractor and sub-contractor that provides a wide variety of construction services to its clients. Namdi Iwuoha is the President and CEO of JLN.

11. Avalon is an engineering support and construction management firm. Namdi Iwuoha is the president and owner of Avalon.

12. In early 2014, Defendants hired the Plaintiff to work on their construction sites. Plaintiff worked for Defendants from February 1, 2014, to March 5, 2016, as a non-exempt employee on a number of construction projects all located in the state of Maryland.

13. A substantial majority of Mr. Zimmerman's work hours were spent in manual labor operating heavy machinery including, bulldozers, loaders, bobcats, and excavators.

14. During Plaintiff's employment with Defendants, Plaintiff worked, on average, about sixty (60) hours per week. Plaintiff reported all of his work hours on his timesheets.

15. All timesheets were submitted to Defendants, and Defendants have actual knowledge that Plaintiff worked more than 40 hours per week.

16. Despite Defendants' actual knowledge of Plaintiff's time working, Plaintiff was never paid for more than forty (40) hours per week at any point during his employment with Defendants.

17. Upon information and belief, Defendants have taken the position that Plaintiff, a non-exempt employee, is "salary" and therefore, according to Defendants, ineligible for compensation for time worked in excess of 40 hours per week.

18. The FLSA, as amended, requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.

19. Defendants willfully and consciously did not pay Plaintiff time-and-a-half for overtime worked.

**WILLFUL VIOLATIONS**

20. Defendants have willingly, deliberately, and intentionally refused to pay the Plaintiff for time actually worked, and for time and one-half pay for overtime worked.

21. Defendants knew or should have known that the Plaintiff was entitled to compensation for time worked and for time and one-half overtime pay under the FLSA, during all relevant times.

22. Defendants, as an employer, would have received publications and advice to pay the Plaintiff the wages actually earned and to pay time and one-half overtime pay.

23. Defendants knew that the majority of Plaintiff's work was manual labor, making him a non-exempt worker. Defendants also knew that Plaintiff worked more than forty (40) hours a week. They therefore willfully, deliberately, and intentionally failed to pay Plaintiff for time actually worked and for time and one-half for overtime wages.

24. Further, other employees of Defendants have claimed wage and hour violations in the past, and Defendants are fully aware of the requirements of the state and federal wage and hour laws.

25. Upon information and belief, Mr. Iwuoha, for a time, required employees to sign writings purporting to waive any and all claims against Mr. Iwuoha personally for unpaid wages because Mr. Iwuoha knew that he was an "employer" under the law and further knew he was personally liable for any and all failure to pay wages in accordance with state and federal law.

26. Plaintiff is owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by Defendants, who willfully and knowingly withheld these wages.

**DEFAMATION**

27. After the end of Plaintiff's employment, in an effort to prevent Plaintiff from obtaining work, Defendants made statements to third parties (Jeremy Hakes, Robert Betz, and others) that Defendants had fired Plaintiff because Plaintiff was stealing from JLN. Defendants called Plaintiff a "thief."

28. These statements were defamatory as they tended to injure Plaintiff in his profession and employment, and further, impugned his integrity as an employee.

29. In his statements to Mr. Hakes, Mr. Betz, and others, Defendants knowingly made aforementioned false and defamatory statements about Plaintiff.

30. In the alternative, Defendants negligently made the aforementioned false and defamatory statements about Plaintiff.

31. Mr. Hakes, Mr. Betz, and others reasonably understood these statements to be defamatory.

32. Defendants acted with knowledge of the falsity of the statements and with the intent to harm Plaintiff's chances from acquiring work when they made these false and defamatory statements about Plaintiff.

33. As a result of the false and defamatory statements made by Defendants, the character and reputation at JLN, in the construction industry, and in the community were impaired, and he suffered mental anguish and personal humiliation.

34. As a direct and proximate result of the false and defamatory statements made by Defendants, Plaintiff suffered actual harm to Plaintiff's reputation, which discouraged others from hiring Plaintiff. The false and defamatory statements also cause Plaintiff personal humiliation and mental anguish.

## COUNT I – FAIR LABOR STANDARDS ACT

*Plaintiff Jeffrey Zimmerman sues JLN Construction Services, LLC, Avalon Consulting Services, LLC,*

*and Namdi Iwuoha and state:*

35. Plaintiff repeats and incorporates by reference the allegations set forth above.

36. That Defendants are engaged in the business of construction and their employees engage in commerce making them subject to the overtime compensation requirements of the FLSA.

37. That Defendants violated FLSA by knowingly failing to compensate Plaintiff for all time worked, and by knowingly failing to compensate Plaintiff at a rate of one and one-half times his hourly wage for hours worked in excess of forty (40) hours per week in violation of 29 U.S.C. § 207(a)(1).

38. That at all times relevant hereto, Defendants were and are employers within the meaning of the FLSA, 29 U.S.C. § 203, and are subject to the provisions of such Act.

39. That at all times relevant hereto, the Plaintiff was an employee of Defendants, as defined by the FLSA. 29 U.S.C. § 203.

40. During the period of time that Plaintiff was employed by Defendants, the Plaintiff performed overtime work for which compensation was provided in violation of the provisions of the FLSA. Further, Defendants violated the FLSA by failing to pay time and one-half overtime wages to Plaintiff, an hourly non-exempt employee.

41. Defendants' failure to compensate Plaintiff for all compensable hours violates the minimum wage provisions of the FLSA, as amended, and the regulations thereunder.

42. The Defendants' failure to compensate the Plaintiff for all compensable hours was a willful and knowing violation of the FLSA.

43. As a result of Defendants' willful and knowing failure to properly compensate the Plaintiff, the Plaintiff has suffered substantial delays in receipt of wages owed and damages.

44. Pursuant to FLSA, as amended, Defendants owe Plaintiff for all unpaid time (regular and overtime), an additional amount equal to liquidated damages, together with an additional sum for attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

(a) Enter a declaratory judgment that Defendants violated the rights of Plaintiff under the Fair Labor Standards Act, as amended;

(b) Issue a declaratory judgment that Plaintiff is entitled to additional compensation pursuant to the Fair Labor Standards Act, as amended;

(c) Award Plaintiff compensation in an amount consistent with his entitlement under the Fair Labor Standards Act, as amended;

(d) Award Plaintiff additional compensation in the form liquidated damages under Fair Labor Standards Act, as amended; and

(e) Award Plaintiff the cost of these proceedings and reasonable attorneys' fees as mandated by the Fair Labor Standards Act, as amended.

## COUNT II - MARYLAND WAGE AND HOUR LAW

*Plaintiff Jeffrey Zimmerman sues JLN Construction Services, LLC, Avalon Consulting Services, LLC, and Namdi Iwuoha and state:*

45. Plaintiff repeats and incorporates by reference the allegations set forth above.

46. Defendants, at times, failed to pay Plaintiff wages due and overtime wages of at least one and one-half times his usual hourly wage for each hour in excess of 40 hours per week, in violation of the Maryland Wage and Hour Law.

47. Defendants are liable to Plaintiff pursuant to Maryland Wage and Hours Law for his unpaid compensation (regular and overtime), plus interest, costs, reasonable attorneys' fees, and any other relief deemed appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

(a) Issue a declaratory judgment that Plaintiff is entitled to additional compensation pursuant to the Maryland Wages and Hours Laws;

(b) Issue a declaratory judgment that Plaintiff was harmed by the Defendants' violations of the Maryland Wages and Hours Laws;

(c) Award Plaintiff compensation in an amount consistent with his entitlement under the Maryland Wages and Hours Laws;

(d) Award Plaintiff additional compensation in the form of liquidated damages under the Maryland Wages and Hours Laws; and

(e) Award Plaintiff the cost of these proceedings and reasonable attorneys' fees as mandated by the Maryland Wages and Hours Laws.

## COUNT III - MARYLAND WAGE PAYMENT AND COLLECTION ACT

*Plaintiff Jeffrey Zimmerman sues JLN Construction Services, LLC, Avalon Consulting Services, LLC, and Namdi Iwuoha and state:*

48. Plaintiff repeats and incorporates by reference the allegations set forth above.

49. The Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Empl. 3-501 *et seq.*, requires that an employer pay an employee's wage at regular pay periods. "'Wage" is defined as "all compensation that is due to an employee for employment." Md. Code Ann., Labor & Empl. § 3-501(c).

50. By failing to pay Plaintiff his wages (regular and overtime) when due, Defendants violated the Maryland Wage Payment and Collection Law.

51. Pursuant to the Maryland Wage Payment and Collection Law, Defendants are liable to Plaintiff for his unpaid wages, plus an amount up to three times the unpaid wages, reasonable attorneys' fees, costs and any other relief deemed appropriate by this Honorable Court.

52. Pursuant to the Maryland Wage Payment and Collection Law, employers such as Defendants, must give notice of the regular rate of pay and pay that promised rate for all hours worked in every pay period.

53. Defendants have failed to pay Plaintiff his promised wage rate for all hours worked.

54. By failing to compensate Plaintiff at his promised wage rate for all hours worked, Defendants have made unlawful deductions from Plaintiff' pay in violation of the Maryland Wage Payment and Collection Law.

55. Defendants failed to pay the Plaintiff his wages willfully and in bad faith and not as a result of a bona fide dispute.

56. Pursuant to the Maryland Wage Payment and Collection Law, Plaintiff seeks his unpaid wages, treble damages, interest, reasonable counsel fees and costs, and any other relief deemed appropriate by this Honorable Court.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

(a) Issue a declaratory judgment that Plaintiff is entitled to additional compensation pursuant to the Maryland Wage Payment and Collection Act;

(b) Issue a declaratory judgment that Plaintiff was harmed by the Defendants' violations of the Maryland Wage Payment and Collection Act;

(c) Award Plaintiff compensation in an amount consistent with his entitlement under the Maryland Wage Payment and Collection Act;

(d) Award Plaintiff additional compensation in the form of liquidated damages under the Maryland Wage Payment and Collection Act;

(e) Award Plaintiff the cost of these proceedings and reasonable attorneys' fees as mandated by the Maryland Wage Payment and Collection Act;

(f) Award Plaintiff additional compensation in the form of Maryland Wage Payment and Collection Act mandated treble damages;

(g) Award Plaintiff pre- and post-judgment interest and court costs as further allowed by law and equity;

(h) Grant such other and further relief as this Honorable Court may deem just and proper.

# COUNT IV – DEFAMTION

*Plaintiff Jeffrey Zimmerman sues Namdi Iwuoha, individually, and states:*

57. Plaintiff repeats and incorporates by reference the allegations set forth above.

58. That Defendant made defamatory statements about Plaintiff, *i.e.,* the false and defamatory statements made to Mr. Hakes, Mr. Betz, and others that tend to discourage others from hiring Plaintiff and causing Plaintiff personal humiliation and mental anguish.

59. That the false and defamatory statements were made with actual malice.

60. That Mr. Iwuoha knew or should have known that the statements were false at the time he made the said statements to third parties.

61. That Mr. Iwuoha made the false statements to Mr. Hakes, Mr. Betz, and others for the purpose of harming Mr. Zimmerman's career, financial interests, and standing in his place of business and in the community.

**WHEREFORE**, Plaintiff Jeffrey Zimmerman demands judgment against Defendant Namdi Iwuoha for:

    a. Compensatory damages of $150,000.00; and

    b. Punitive damages of $450,000.00; and

    c. The costs of these proceedings; and

    d. Reasonable attorneys' fees incurred in this matter; and

    e. Such further relief as the Court may find necessary and appropriate.

Respectfully submitted:

                                    /S/
Matthew D. Skipper BAR NO.: 29866
Skipper Law, LLC
2110 Priest Bridge Drive
Crofton, Maryland 21114
T: (443) 274-6106
F: (443) 292-4735
matt@skipperlawllc.com
*Counsel for Plaintiff*

## **REQUEST FOR JURY TRIAL**

Plaintiff request a trial by jury on all matters so triable.

                                    /S/
Matthew D. Skipper